Max Moskowitz
Ariel Peikes
OSTROLENK FABER LLP
845 Third Avenue, 8th Floor
New York, New York 10022
mmoskowitz@ostrolenk.com
apeikes@ostrolenk.com

Tel. (212) 596-0500
Fax (212) 382-0888

*Attorneys for Plaintiff*
*HOME IT, INC.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HOME IT, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>WUPIN WEN, an individual, and SHENZHEN TRYNOW INTELLECTUAL PROPERTY CO., LTD., a Chinese entity, and JOHN DOES 1-10.<br><br>*Defendants*. | Civil Action No: |

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT**
**OF NO TRADEMARK INFRINGEMENT AND NO UNFAIR**
**COMPETITION UNDER THE LANHAM ACT**

Plaintiff, HOME IT, INC. ("HomeIt"), through its counsel and for the complaint against WUPIN WEN ("Wen") and Shenzhen Trynow Intellectual Property Co., Ltd. ("TRYNOW"), and John Does 1-10, states as follows:

1. This is an action for a Declaratory Judgment of no Trademark Infringement and no unfair competition under the U.S. Lanham Act.

## THE PARTIES

2. HOME IT, INC. ("HomeIt") d/b/a Zagbo is a New York Limited Liability Company with an office in Brooklyn, specifically, 174 Walworth Street, Brooklyn, NY 11205.

3. On information and belief and based on U.S. governmental records, Defendant WUPIN WEN ("Wen") is an individual and citizen of China, who claims to have an address of Rm 4611A, 46F, SEG Plaza Bldg, Huaqiang North Road, Futian District, Shenzhen, Guangdong, China.

4. On information and belief, Defendant Shenzhen Trynow Intellectual Property Co., Ltd., ("Trynow") is a Chinese entity with an address of Rm 4611A, 46F, SEG Plaza Bldg, Huaqiang North Road, Futian District, Shenzhen, Guangdong, China. Trynow's website, http://www.cn-ip.cn/en/, alleges that it is an intellectual property law firm, which is the same address as that of individual defendant Wen.

5. On information and belief, Defendants Wen and/or Trynow operate through the email addresses trademark@cn-ip.cn and trynow@cn-ip.cn.

6. At all relevant times to this action, Defendants were the agents, servants, employees, partners, alter egos, subsidiaries, or joint ventures or one another, and the acts of each of them were in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of them acted with the knowledge, permission, and the consent of the other; and each aided and abetted the other in the acts of commissions alleged herein.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202, and the laws of the State of New York. This Court has subject matter jurisdiction, *inter alia*, pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 *et seq*.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391 in that Plaintiff resides in and/or conducts substantial business in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

9. This Court has personal jurisdiction over Defendants because, upon information and belief, they regularly conduct business and offer their services in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

### A. PLAINTIFF'S BUSINESS

10. Plaintiff HomeIt offers home furniture products and organizing products, including through the Amazon.com e-commerce selling portal.

11. HomeIt began using the trademark SAGANIZER in or about 2014, including by offering and selling its products on Amazon. HomeIt has used the SAGANIZER trademark continuously since March 2015.

12. One of the products HomeIt has offered on Amazon is its "Lazy Susan Turntable 360-degee Lazy Susan Organizer" for which it has used the following image in offering the product:



13. HomeIt has sold SAGANIZER products through other online retailers including www.viverealtop.net.

14. Although HomeIt has used the trademark SAGANIZER in U.S. interstate commerce since, at least, March 2015, it has never sought to register its trademark rights with the United Statement Trademark and Patent Office ("PTO").

B. **DEFENDANTS' TRADEMARK REGISTRATIONS AND INTELLECTUAL PROPERTY INFRINGEMENT LITIGATION**

15. In August 2016, Defendant Wen applied to register SAGANIZER with the United States PTO. In his application, Wen alleges that he has used SAGANIZER in U.S. interstate commerce since "At least as early as 02/01/2015."

16. With his application, Wen submitted a "Specimen of Use" purporting to show how he has used the SAGANIZER trademarks since, at least, February 2015. The Specimen of Use Wen submitted is the following image:



17. Upon information and belief, the image submitted by Wen is the image that has been used HomeIt in offering its genuine SAGANIZER Lazy Suzan product.

18. Upon information and belief, the image used by Plaintiff was HomeIt's image, modified by Wen to show the word "Saganizer" on the product. Also upon information and belief, this was achieved by using Adobe Photoshop or similar photo editing software.

19. Upon information and belief, Wen has not actually used the SAGANIZER trademark in the United States since February 2015 and, therefore, committed fraud upon the PTO when he alleged that he has used the mark since, at least as early as, February 2015.

20. Plaintiff has never seen or heard of any SAGANIZER product offered by Wen in the United States.

21. Wen's trademark application for SAGANIZER lists the email addresses of **trademark@cn-ip.cn** and **trynow@cn-ip.cn** as the contact, correspondence address.

22. Upon information and belief, these email address are affiliated with Defendant Trynow, and have been used as part of a fraudulent scheme to improperly register multiple trademarks with the United States PTO. To date, HomeIt has learned of several trademark

applications filed with the assistance of Trynow that were either successfully opposed or cancelled by legitimate U.S. and foreign companies.

23. Each of the below identified trademark applications was filed with the contact addresses of **trademark@cn-ip.cn** and **trynow@cn-ip.cn**. These applications were filed for different individuals and/or different Chinese business entities:

> i. LIGHTAPPLE, signed by "xinghong liao" for "ShenZhen Winnertop Technology Co., Ltd.";
>
> ii. VZERO, signed by "Wenqin Zhou" for "Wenqin Zhou";
>
> iii. SKULL CAT, signed by "Pengfei Wu" for "Shenzhen NaJia Electronics Co., Ltd.";
>
> iv. FIDELLA, signed by "Yingying Chen" for "NINGBO JIANGDONG HARTSUN IMPORT&EXPORT CO., LTD.";
>
> v. IEEEV, signed by "Kai Wang" for "shenzhen ieeev tech co., ltd."; and
>
> vi. CLASSY KIDDIE trademark, signed by "Qiu, Lingmin" for "Qiu, Lingmin" (subsequently, providing a "Change of Correspondence Address" to the PTO to contact Qiu, Lingmin at **trademark@cn-ip.cn** and **trynow@cn-ip.cn**).

24. Each of the above trademarks was either (1) successfully opposed or (2) cancelled, and in each instance, after a Default by the applicant or trademark owner, as detailed below.

> i. Apple, Inc., opposed the application for LIGHTAPPLE. No response to Apple's opposition was filed, resulting in a Default against the applicant and cancellation of the registered mark.
>
> ii. Oakley, Inc., petitioned to cancel the trademark registration for VZERO. The trademark owner failed to participate in the proceedings, resulting in a default against the owner.

iii.  Caterpillar, Inc. opposed the trademark application for SKULL CAT. The applicant conceded and stipulated to "express abandonment of the application," resulting in a "default judgment" for Caterpillar.

iv.  Arenit Werse GmbH moved to cancel the trademark registration for FIDELLA. The trademark owner failed to respond to the Petition to Cancel, resulting in a default judgment and cancellation of the registration.

v.  The Institute of Electrical and Electronics Engineers, Inc., filed a Petition to Oppose the application for IEEEV. Applicant failed to respond and "judgment by default" was entered against the applicant.

vi.  A U.S. business, New Classic Home Furnishing, Inc., opposed the trademark application for CLASSY KIDDIE. The applicant failed to respond, and a "judgment by default" was entered against applicant.

25. Based on the above-listed proceedings in the U.S. Patent and Trademark Office, it appears that Defendants are part of a fraudulent scheme to register trademarks used by third parties in the United States for themselves. When their application or registration is challenged, the Defendants do not participate in the proceedings resulting in a default.

26. Upon information and belief, Defendant Trynow also participates in misusing the trademark registration process in the United States for their own gain. When challenged, Trynow does not respond to the complaint or defend itself.

27. In 2016, a lawsuit alleging patent, trademark and copyright infringement, was brought by Wireless Environment LLC against Mikafentech, Inc., in the Northern District of Ohio. The Defendant listed Cunyu Chen as its Statutory Agent with an address in Brighton, Colorado, however, no one by Cunya Chen could be found at the address, and the Court allowed

service via email to **trademark@cn-ip.cn** and **trynow@cn-ip.cn**. Chen used these two email addresses in connection with the application to register MIKAFEN with the USPTO.

28. After allowing service of plaintiff's default judgment papers on defendant at the email addresses **trademark@cn-ip.cn** and **trynow@cn-ip.cn**, and no response having been received from the defendant, the District Court entered a Default Judgment and Permanent Mandatory Injunction in favor of Plaintiff and Against Defendant.

### C. Defendant Wen's Complaint to Amazon

29. On information and belief, on or about December 13, 2019, Wen submitted an allegation of trademark infringement to Amazon.com, alleging that HomeIt's SAGANIZER products infringe upon Wen's U.S. trademark registration. This resulted in Amazon removing several of HomeIt's products from the Amazon selling portal.

30. The involved Amazon listings of the HomeIt products are identified as Amazon listing nos. ASIN: B01J2F8GG8, B01317BYA8 and B01ELY5640.

31. Amazon advised HomeIt to contact Wen and seek his permission to list the banned HomeIt products. Amazon refers to Wen as the "rights owner" and provided to HomeIt an email address to contact Wen.

32. HomeIt contacted Wen at the email address provided to Amazon, but to date received no response.

33. Upon information and belief, the complaint of infringement to Amazon was specifically timed for the holiday shopping season in order to deprive HomeIt of numerous orders during the most critical period of the year. HomeIt is being deprived of tens of thousands in sales via Amazon, each and every day while its products are not offered on Amazon.

34. The foregoing has caused and continues to cause irreparable harm to HomeIt.

35. HomeIt wrote to Amazon on December 13, 2019, explaining to Amazon Defendants' apparent fraudulent scheme, but Amazon refused HomeIt's request to re-list the banned products. To Amazon, Wen is the "Rights Owner" because he owns the PTO trademark registration and unless Wen grants his permission to re-list HomeIt's products or the mark is declared cancelled or unenforceable, Amazon will not alter its stance with regards to the instant dispute about the ownership of the involved trademark rights.

36. Amazon did not act on HomeIt's petition because, on information and belief, Amazon's policy is to simply delist a competitive product on the mere say-so of anyone who has a patent or trademark registration.

37. Urgent intervention of this Court is needed, including by way of temporary and permanent injunctive relief, and compensation for unfair competition should be awarded to HomeIt.

38. In particular, Defendant Wen personally, or his representative Trynow should be ordered to inform Amazon to re-list HomeIt's banned SAGANIZER brand products that were removed by Amazon pursuant to Defendant, fraudulently inspired, Wen's application to Amazon to de-list the subject HomeIt goods.

## COUNT I

### HOMEIT Does Not Infringe WEN's Trademark – No Infringement of Registered Trademark in Violation of 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a)(1)(B)

39. This is an action for Declaratory Judgment that HOMEIT's sales of its products do not infringe on any proprietary rights of Wen, including Wen's trademark registration for SAGANIZER, PTO Reg. No. 5,165,919.

40. HomeIt repeats and realleges the averments contained in the preceding Paragraphs of this Complaint as if fully set forth herein.

41. On information and belief, at the time that Wen contacted Amazon and stated to Amazon that HomeIt's products and product offering infringes on its trademark, Wen made false allegations to Amazon.

42. By implication, Wen alleged that HomeIt's use of the SAGANIZER trademark on Amazon is likely to cause confusion, or to cause mistake, or to deceive as to the origin sponsorship, or approval of Plaintiff's goods and/or services in violation of the Lanham Act, 15 U.S.C. § 1114(1).

43. Further, Wen alleged that Plaintiff's use of the SAGANIZER trademark on its products and product offerings is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Plaintiff's goods with Defendant Wen in violation of the Lanham Act, 15 U.S.C. § 1125(a).

44. By reason of the foregoing, HomeIt is suffering and will continue to suffer irreparable harm from Wen's unfair acts, in the manner set forth above, unless a Declaratory Judgment issues precluding Wen from interfering with HomeIt or taking any other action based upon the aforesaid acts, including alleging that HomeIt is infringing Wen's trademark rights.

## COUNT II

### Common Law Unfair Competition (by All Defendants)

45. Wen's acts of directing Amazon to delist a competitor's product that does not infringe on any legitimate proprietary intellectual property rights of Wen constitute a violation of the Lanham Act.

46. This is a count for unfair competition under the Lanham Act, for false statements and tortious interference with a competitor's business.

47. HomeIt repeats and realleges the averments contained in the preceding paragraphs of this Complaint as is fully set forth herein.

48. Wen's acts identified herein, including its reckless, egregious, wholly unverified representations to Amazon that the products and products offering of HomeIt infringes on Wen's trademark is false.

49. By reason of the foregoing, HomeIt is suffering and will continue to suffer irreparable harm, unless and until the Court enjoins Wen's activities and directs it to withdraw its complaint from Amazon and to account and pay to HomeIt all its damages that it has suffered, including attorneys' fees for reckless statements to Amazon that resulted in harm to HomeIt.

## COUNT III

### Cancellation of Wen's Trademark Registration No. 5,165,919 for SAGANIZER

50. This is an action for cancellation of Wen's United States trademark registration number 5,165,919 for SAGANIZER, pursuant to Section 2(e) of the Lanham Act, 15 U.S.C. §52(e) and §14(3) of the Lanham Act, 15 U.S.C. §1064(3), on the ground that these registrations were obtained by SPI through misrepresentation and fraudulent statements made to the United States Patent and Trademark Office.

51. HomeIt repeats and realleges the averments contained in the preceding paragraphs of this Complaint as if fully set forth herein.

52. Wen's representation to the PTO that he had used the SAGANIZER mark in U.S. commerce since "at least as early as" February 1, 2015, constitute false representations to the PTO.

53. Wen submitted edited and misleading photographs, which were actually used by Plaintiff in offering its products on Amazon, as Wen's Specimens of Use for the SAGANIZER trademark, as part of his scheme to defraud the PTO into issuing him the trademark registration.

54. Wen utilized the fraudulently-obtained trademark registration to get Amazon to delist HomeIt's legitimate SAGANIZER products.

55. By reason of the foregoing, HomeIt has suffered and will continue to suffer irreparable harm by Wen in a manner set forth above unless the Court issues a Declaratory Judgment canceling United States registration no. 5,165,919.

56. HomeIt has no adequate remedy at law.

**WHEREFORE**, Plaintiff HomeIt prays that judgment be entered:

A. Declaring that HomeIt's use of the SAGANIZER trademark does not infringe upon any rights owned to Wen;

B. Cancelling Wen's trademark registration no. 5,165,919 for false representations made to the PTO;

C. Finding the acts of Wen that caused Amazon to delist HomeIt's products from being sold to constitute unfair competitive acts and false representation under the Lanham Act and awarding damages thereon;

D. Ordering Defendants to inform Amazon that Wen's complaints against HomeIt are withdrawn and that Amazon should re-list Wen's SAGANIZER products;

E. Enjoining Wen from unfairly competing with HomeIt and awarding HomeIt its damages and attorney's fees.

F. Ordering that HomeIt be granted such other and further relief as the Court may deem just and proper.

Dated: December 17, 2019

Respectfully submitted,

/s/Max Moskowitz
Max Moskowitz
mmoskowitz@ostrolenk.com
Ariel S. Peikes
apeikes@ostrolenk.com
OSTROLENK FABER, LLP
1180 Avenue of the Americas
New York, New York 10036
Tel. (212) 382-0700
Fax (212) 382-0888
Attorneys for Plaintiff