UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HOME IT, INC.,

                   Plaintiff,                              **MEMORANDUM & ORDER**

        - against -                                19-CV-7070 (MKB) (VMS)

WUPIN WEN, SHENZHEN TRYNOW
INTELLECTUAL PROPERTY CO., LTD., and
JOHN DOES 1-10,

                   Defendants.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      On December 17, 2019, Plaintiff Home It, Inc. filed the complaint in this action, accompanied by a motion for a temporary restraining order ("TRO") and preliminary injunction ("PI"), seeking to prohibit Defendants Wupin Wen, Shenzhen TryNow Intellectual Property Co., Ltd. ("TryNow"), and John Does 1-10 from further interfering with Plaintiff's marketing and sale of Saganizer home-goods products on Amazon. (*See* Plaintiff's Memorandum of Law ("MOL"), Dkt. 5-1.) Plaintiff alleges that Defendants fraudulently registered the Saganizer trademark that Plaintiff had been using on Amazon, without formal registration, since 2015. (Teitelbaum Declaration ("Teitelbaum Decl."), Dkt. 5-2, at ¶¶ 4, 6.) Plaintiff alleges that on or about December 13, 2019 it learned that it was the target of a "trademark scam" by Defendants, when Amazon de-listed several of Plaintiff's Saganizer products from the Amazon website. (*Id.* at ¶¶ 15–18.) Plaintiff contends that this de-listing occurred because Defendant Wen told Amazon that she held the rights to the trademark and showed them the allegedly fraudulently procured trademark registration. (*Id.* at ¶ 18.)

      According to the affidavits submitted with their TRO/PI motion Plaintiff emailed copies of its complaint and motion papers to Defendants at the two email addresses they provided to the

1

Patent and Trademark Office ("PTO") at the time Wen applied to register the Saganizer trademark, and at the email address Wen provided to Amazon. (Declaration of Ariel Peikes, Esq. ("Peikes Decl."), Dkt. 5-3, at ¶ 21.) On December 22, 2019, TryNow's counsel advised Plaintiff's counsel that TryNow did not oppose the Court's entry of the requested TRO, so long as TryNow was permitted 21 days to respond to Plaintiff's request for a PI, which TryNow opposes. (Dkt. 10 at ECF[1] 3.)

The Court heard argument on the motion for the TRO on December 23, 2019. For the reasons stated on the record, and as supplemented herein, the Court orders the TRO, on consent, as to Defendant TryNow, and denies the TRO with respect to *pro se* Defendant Wen, as Plaintiff has failed to sufficiently allege or demonstrate irreparable harm.

## LEGAL STANDARD

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).

> In order to justify a preliminary injunction, a movant must demonstrate 1) irreparable harm absent injunctive relief; and 2) "either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor."

*Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013) (quoting *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010)). "The showing of irreparable harm is [p]erhaps the single most important prerequisite for the issuance of a preliminary injunction, and the moving party must show that injury is likely before the other requirements for an injunction will be considered." *Id.* at 221 (quoting *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)). To show irreparable harm the moving party must establish that "'there is a

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

continuing harm which cannot be adequately redressed by final relief on the merits' and for which 'money damages cannot provide adequate compensation.'" *Id.* (quoting *Kamerling*, 295 F. 3d at 214). Additionally, "irreparable harm must be shown to be actual and imminent, not remote or speculative." *Id*. (internal quotation marks and citation omitted); *see also WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 285 (2d Cir. 2012) (defining irreparable harm as "harm to the plaintiff's legal interests that could not be remedied after a final adjudication," such as when "the loss is difficult to replace or measure, or where plaintiffs should not be expected to suffer the loss").

**DISCUSSION**

In support of its motion for a TRO, Plaintiff alleges that it will be harmed because it will miss holiday business (Teitelbaum Decl., Dkt. 5-2, at ¶¶ 28–29), and because of the effect of Defendants' actions on its reputation and good will (MOL, Dkt. 5-1, at 10). During the December 23, 2019 hearing, Plaintiff also asserted the theoretical possibility that it will be unable to collect money damages from Defendant Wen and expressed concern about the time it takes to adjudicate a proceeding.[2] Plaintiff also argued for the first time at the hearing, based, in part, on a Congressional submission by two New York University professors,[3] that there is a growing pattern of fraudulent conduct by Chinese entities or actors that involves the filing of false de-listing/trademark infringement claims with Amazon—as is alleged here—that threatens to

---

[2] With respect to Plaintiff's concern about the length of time that these court proceedings will take, the Court reminded Plaintiff that if, as Plaintiff predicts, Defendant Wen fails to respond to the complaint, Plaintiff can move for a default judgment as soon as three weeks from the filing of the complaint. *See* Fed. R. Civ. P. 12(a); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). In any event, the amount of time that these proceedings might last does not establish irreparable harm in this case.

[3] The Court directed Plaintiff to file any supplemental authorities not included in its moving papers. (*See* Dkt. 11-1; 11-2.)

preclude American businesses from competing in the online merchandising market. The Court finds that Plaintiff has not established the likelihood of irreparable harm and denies the TRO with respect to Defendant Wen.

At the outset, the Court notes that Plaintiff's argument that it will lose holiday business is insufficient to establish irreparable harm. The case law is clear that "when a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary equitable remedy of a preliminary injunction should be granted." *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 934 F.2d 30, 34 (2d Cir. 1991).

Plaintiff also fails to establish irreparable harm with respect to its argument about the effect of Defendants' actions on its reputation and good will. Although "irreparable harm may be found where damages are difficult to establish and measure," *Coastal Distribution, LLC v. Town of Babylon*, 216 F. App'x 97, 100 (2d Cir. 2007) (summary order) (quoting *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004)), such as instances of "loss of reputation, good will, and business opportunities," *Rex Med. L.P. v. Angiotech Pharmaceuticals (US), Inc.*, 754 F. Supp. 2d 616, 621 (S.D.N.Y. 2010) (quoting *Register.com, Inc.*, 356 F.3d at 404), "conclusory statements of loss of reputation will not justify an irreparable harm finding," *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, No. 10-CV-3314 (RWS), 2015 WL 4033019, at * 11 (S.D.N.Y. Jun. 29, 2015). The allegations contained within the Declaration of Joel Teitelbaum in support of the motion for a TRO (*see* Teitelbaum Decl., Dkt. 5-2), in addition to the exhibits proffered by Plaintiff's counsel during the hearing, outline the theoretical consequences of a growing pattern of trademark infringement with respect to Amazon's online marketplace, but do not show a likelihood of irreparable harm in this case. *Cf. M&G Elecs. Sales Corp. v. Sony Kabushiki Kaisha*, 250 F. Supp. 2d 91, 105 (E.D.N.Y. 2003) (stating that the plaintiff

"presented no evidence of a risk of loss of reputation, lack of quality control, inability of [the defendant] to pay damages if liable, or other tangible harm," and finding insufficient the plaintiff's "conclusory statement" that it would "suffer immeasurable and irreparable injury" should the purported trademark infringement continue without injunctive relief); *AFM Corp. v. Therma Panel Homes Corp.*, No. 00-CV-0055E (SC), 2001 WL 118568, at *4 (W.D.N.Y. Feb. 2, 2001) (noting that the plaintiffs' "conclusory statement that '[a]ny judgment entered against the [d]efendants will cause [them] to suffer irreparable harm and damage'" did not establish irreparable harm"). Notably, Plaintiff does not allege that Defendants' actions have resulted in "such [a] high probability of confusion, [rendering] injury irreparable in the sense that it may not be fully compensable in damages." *Omega Importing Corp. v. Petri-Kine Camera Co.*, 451 F.2d 1190, 1195 (2d Cir. 1971). Nor does it assert that Defendant's allegedly infringing Saganizer products are of inferior quality when compared to Plaintiff's products, such that the reputation of Plaintiff's common law Saganizer trademark is being diminished by the alleged infringement. *Cf. id.* (noting that "if an infringer's product is of poor quality, or simply not worth the price, a more lasting but not readily measurable injury may be inflicted on the plaintiff's reputation in the market"); *see also Grout Shield Distributors, LLC v. Elio E. Salvo, Inc.*, 824 F. Supp. 2d 389, 402 (E.D.N.Y. 2011) (holding that, in cases involving trademarks and trade names, "'irreparable harm exists . . . when the party seeking the injunction shows that it will lose control over the reputation of its trademark . . .' because loss of control over one's reputation is neither 'calculable nor precisely compensable'") (quoting *New York City Triathlon LLC v. N.Y.C. Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 343 (S.D.N.Y. 2010) (internal quotation marks omitted) (second alteration in the original)). In sum, Plaintiff's conclusory allegation that "relief is urgently needed to protect Plaintiff's reputation and good will, and to restore its product offerings on the

Amazon online portal" (MOL, Dkt. 5-1, at 4), without further facts as to *how* its reputation and good will is being damaged, and *how* a TRO would work to restore its reputation, is insufficient to establish that an "extraordinary remedy," like a TRO, is appropriate. *See Johnson v. Allick*, No. 18-CV-7171 (MKB), 2019 WL 569106, at *2 (E.D.N.Y. Feb. 12, 2019).

## CONCLUSION

For the reasons stated on the record and supplemented herein, Plaintiff's motion for a TRO with respect to Defendant Wen is denied. Plaintiff's motion for a TRO with respect to Defendant TryNow, entered on consent, is So Ordered. The Court defers ruling on the PI pending further proceedings.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 23, 2019
      Brooklyn, New York