UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOME IT, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> WUPIN WEN, an individual, SHENZHEN TRYNOW INTELLECTUAL PROPERTY CO., LTD., a Chinese entity, and JOHN DOES 1-10, <br><br> *Defendant*. | Civil Action No.: 1:19-cv-07070 (MKB)(VMS) <br><br> **SECOND DECLARATION OF JOEL TEITELBAUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

JOEL TEITELBAUM declares as follows:

1. I am a principal of and manage HOME IT, INC. ("HomeIt") and submit this supplemental, second declaration responsive to the request from the Court during the conference with HomeIt's attorneys on January 13, 2020.

2. HomeIt sells through the Amazon portal hundreds of different products under many different trademarks, some that it owns or some owned by third parties.

3. Based on prior years sales, I estimate that the de-listing of the involved Saganizer brand products will certainly cause HomeIt to lose over $500,000 in lost sales over one year, which is the time period estimated by my counsel it would take to effect service on the defendants through the "Hague Convention," which I do not actually understand.

{02496153.1}   1

4. The sales volume of the involved, de-listed Saganizer products was a very small percentage of the overall sales of HomeIt through the Amazon portal.

5. As I testified and explained in my first Declaration, HomeIt is the victim of a trademark filing fraud by the Defendant Wen, and possibly by its IP representative, the defendant Shenzhen Trynow.

6. Upon receiving the Amazon de-listing notice (Exhibit C, to my first Declaration), I followed Amazon's instructions and contacted the Defendant Wen at the email address provided by Amazon. See, for example, my email (from one of my email accounts: sagyimports@gmail.com) which is of record at Dkt # 11-1, but attached again as Exhibit D hereto.

7. To date, the Defendant Wen NEVER RESPONDED to my attempts to reach them.

8. The business model of HomeIt is to purchase a large and constantly changing variety of Office accessory and similar products in China and import and sell then through the Amazon portal. HomeIt strives to check and avoid importing products that may encroach on the IP rights of third parties. But perfection is impossible in this business model.

9. Amazon constantly monitors and scores each seller's "account performance."

10. As shown in Exhibit C to my first declaration, Amazon informed HomeIt that:
> *You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_*

*warn*) *or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon.*

11. At the time that the instant defendant Wen requested that HomeIt Saganizer goods be delisted, I checked HomeIt's "Amazon dashboard" which is mentioned above and noted that it reflected five other products of HomeIt that were the subject of IP claims. Parenthetically, I and my attorneys have been working to resolve those issues.

12. Regardless, based on my experience having worked with the Amazon portal for over 9 years, and the experience of others I have spoken with over the years, I know that HomeIt is at an imminent risk of being suspended from selling any products whatsoever through Amazon, all as a result of Defendant's Wen false trademark accusations against HomeIt.

13. Amazon suspends sellers without any prior warning.

14. Amazon is the ONLY channel of sales that generates the sales volume that my company has been able to build up over the past 9 year.

15. If a suspension of HomeIt were to occur, even for a month or so, the HomeIt business might find itself destroyed with almost no chance of recovery. The damage would be more than irreparable. It would be fatal to the HomeIt business.

16. The ongoing fraud against HomeIt by the Defendant Wen (very likely by unknown third parties acting on behalf of and/or in participation with Defendant Wen), presents a real danger of resulting in irreparable and un-compensable damage to HomeIt. The record reflects that the Defendants are fully aware of the present law suit

and have opted to ignore it, even though this Court issued an Order to Defendant Wen to respond by January 6, 2020 to the pending motion.

17. I am seeking in this motion no more than that the status quo be maintained. More specifically, I am seeking an Order of this Court directing Defendant Wen to inform Amazon to relist Homelt's Saganizer products, which will have the effect of removing this dispute from the records of Amazon. This should lift the risk of suspension of Homelt by Amazon. It will allow this Court to resolve the trademark dispute herein, which I have repeatedly stated arose form a fraud perpetrated by the instant Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Miami Beach Florida, on the 15th day of January, 2020.

JOEL TEITELBAUM

{02496153.1}

4

Scanned by CamScanner